IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. _21-CR-30142-SPM-1_ |
| ) | |
| JAYLAN D. QUINN, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The attorneys for the United States and the attorneys for the Defendant have engaged in discussions and have reached an agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms are as follows:

### I. Introduction

1. The Defendant understands that the Court did not participate in the negotiation of this Plea Agreement. The Court may accept or reject this agreement and its terms, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider a presentence report pursuant to Rule 11(c)(3)(A). The Defendant will not be able to withdraw his pleas of guilty themselves once entered and accepted, except as provided under Federal Rule of Criminal Procedure 11(d)(2).

### II. Charges, Penalties, and Elements

1. Defendant understands the charges against him contained in the Information which are as follows:

Count 1:   Bank Robbery

<u>Count 2</u>: Use of a Firearm to Commit Murder During and In Relation To a Crime of Violence

2. Defendant will enter pleas of guilty to both counts as set forth in the Information. Defendant states that he is actually guilty of each of these offenses.

3. Defendant understands the essential elements of these counts and the maximum possible statutory penalties, as set forth below:

| Count | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 1 | Bank Robbery<br><br>18 U.S.C. § 2113(a) | <u>Imprisonment</u>: Not more than 20 years<br><br><u>Fine</u>: Up to $250,000<br><br><u>Supervised Release</u>: Not more than 3 years.<br><br><u>Special Assessment</u>: $100 | 1. The defendant took or attempted to take, from the person or presence of another, money belonging to or in the possession of First Bank; and<br><br>2. At the time the defendant took the money, the deposits of the bank were insured by the FDIC; and<br><br>3. The defendant took or attempted to take such money by means of force and violence, or by means of intimidation. |

| | | | |
|---|---|---|---|
| 2 | Use of a Firearm to Commit Murder During and in Relation to a Crime of Violence<br><br>18 U.S.C. § 924(c)(1)(A)(iii) AND 924(j) | **Imprisonment:** Not less than 10 years, up to life<br><br>**Fine:** Up to $250,000<br><br>**Supervised Release:** Not more than 5 years<br><br>**Special Assessment:** $100 | 1. The defendant used or carried a firearm; and<br><br>2. The defendant did so during and in relation to a crime of violence which may be prosecuted in federal court; and<br><br>3. The defendant caused the death of a person through the use and discharge of the firearm; and<br><br>4. That the death constituted murder within the meaning of 18 U.S.C. § 1111.<br><br>First Degree Murder, within the meaning of § 1111, means:<br><br>1. Within the territorial jurisdiction of the United States;<br><br>2. Defendant unlawfully killed Ted Horn;<br><br>3. With malice aforethought; and<br><br>4. During the perpetration of robbery.<br><br>Second Degree Murder within the meaning of § 1111, means:<br><br>1. Within the territorial jurisdiction of the United States;<br><br>2. Defendant unlawfully killed Ted Horn;<br><br>3. With malice aforethought.<br><br>A person acts with "malice aforethought" if the person takes someone else's life deliberately and intentionally, or willfully acts with callous disregard for human life, |

| Count | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| | | | knowing that a serious risk of death or serious bodily harm would result. |

Defendant agrees and admits that he committed acts that satisfy each of the essential elements listed above.

4.   Title 18, United States Code, Section 3013 requires the Court to assess a $100 "special assessment" per felony count. Defendant understands that the special assessment will be due immediately at the time of sentencing.

5.   Defendant understands the Court will impose a fine and may impose costs of incarceration. The Defendant agrees to participate in the Inmate Financial Responsibility Program to help satisfy any financial obligations that are imposed as a part of his sentence.

6.   Defendant shall provide the United States Probation Office with all information requested to prepare the Presentence Report, including signing all releases. Defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. Defendant agrees to make complete financial disclosure by truthfully filling out a financial statement, at the direction of the United States Attorney's Office.

### III. <u>Sentencing Issues</u>

1.  Defendant and the Government agree that the appropriate total term of incarceration to be imposed in this case is 50 years, consisting of: a term of 20 years on Count 1, and a term of 30 years on Count 2. As mandated by Title 18, United States Code, Section 924(c)(1)(D)(ii)[1], Defendant and the Government further agree that the terms of incarceration on Counts 1 and 2 shall be imposed *consecutively* to each other to achieve the total sentence of 50 years. Defendant agrees to accept these sentences.

If the Court accepts this plea agreement, the Government will dismiss Count 1 of the Indictment filed in this case, charging Defendant with Armed Bank Robbery Resulting in Death, which carries a mandatory sentence of life imprisonment.

2.  The Defendant and the Government agree that a total 5 year term of supervised release, consisting of 3 years on Count 1 and 5 years on Count 2, is appropriate in this case. The Defendant and the Government further agree that the supervised release terms on Counts 1 and 2 should be imposed concurrently with each other. Defendant agrees to accept these sentences.

3.  The Defendant and the Government agree that a fine of $200, consisting of $100 on Counts 1 and 2, is appropriate and should be imposed. Defendant agrees to accept these fine amounts.

---

[1] The parties are aware and acknowledge that on December 9, 2022, the United States Supreme Court granted a petition for a writ of certiorari in *Lora v. United States*, Supreme Court Case Number 22-49, where the question presented is whether the consecutive sentencing provision in 18 U.S.C. § 924(c)(1)(D)(ii) applies when sentencing a defendant for causing death through the use of a firearm in the course of violating Section 924(c), pursuant to 18 U.S.C. § 924(j). Regardless of what the decision may be in that case, Defendant agrees to accept an aggregate sentence of 50 years' imprisonment, consisting of 20 years' imprisonment on Count 1 and 30 years' imprisonment on Count 2 to run consecutively.

4. The Defendant understands that the Court must impose a $200 special assessment consisting of $100 on each of Counts 1 and 2.

5. Defendant understands that the offenses charged in Counts 1 and 2 are subject to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, and that the Court may impose restitution at the time of sentencing if a victim of these offenses makes a statutorily authorized and supported claim.

6. Defendant understands that in determining the sentence to be imposed the Court is ordinarily obligated to calculate and consider the applicable range under the United States Sentencing Guidelines and, thereafter, determine the sentence after hearing the arguments of the parties and considering the sentencing factors set forth at 18 U.S.C. §3553(a), which include:

> (i) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (iii) the kinds of sentences available;
>
> (iv) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (v) the need to provide restitution to any victim of the offense.

7. Because this plea agreement is tendered under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant understands that if the Court accepts this plea agreement, the Court will be bound to impose the sentences agreed to above without regard to the Sentencing Guidelines or the factors set forth in 18 U.S.C. § 3553(a). For that reason, the parties have not set forth any proposed Sentencing Guideline calculations in this agreement or addressed any of the § 3553(a) sentencing factors stated above. While the Court may consider these provisions of law in deciding whether or not to accept and be bound by this agreement, Defendant specifically waives his right to have the Court consider such provisions when imposing sentence. Defendant again acknowledges that the terms of incarceration, terms of supervised release, fines, and special assessments set forth in this agreement are statutorily mandated or authorized.

8. Defendant agrees that, in exchange for the sentencing recommendations made in this plea agreement, he waives his double jeopardy rights in the event that the Court rejects this plea agreement. Specifically, if the Court rejects this plea agreement, Defendant agrees that the Government can proceed on the charge contained in the Indictment in this case, Armed Bank Robbery Resulting in Death.

9. Defendant understands and agrees that, pursuant to 18 U.S.C. § 3771(a)(4), any victim of the offenses to which he is pleading guilty will have a right to be heard and address the Court prior to the imposition of sentence.

### IV. Limitation of Plea Agreement & Breach of the Agreement

1.      All agreements between the parties are written and no other promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement, the Stipulation of Facts, and any supplements, make up the entire agreement between the United States and Defendant and supersedes any other agreement, oral or written. The terms of this Plea Agreement can be modified only in writing signed by all of the parties.

2.      The United States will file a sealed supplement to this plea agreement, as required in every case in the Southern District of Illinois. That supplement may, or may not, include additional terms. If additional terms are included in the supplement, they are incorporated and made a part of this Plea Agreement.

3.      Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

4.      If the Defendant commits any violation of local, state or federal law, violates or fails to perform any term of this Plea Agreement, or provides misleading, incomplete, or untruthful information to the U.S. Probation Office, the United States, at its option, may ask the Court to be released from its obligations under this Plea Agreement. The United States may also, in its sole discretion, proceed with this Plea Agreement and may advocate for any sentencing position supported by the facts, including but not limited to

obstruction of justice and denial of acceptance of responsibility. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the guilty plea.

5. Additionally, Defendant agrees that in the event of Defendant's material breach of this Plea Agreement, or if Defendant is permitted to withdraw Defendant's guilty plea, that any and all statements made by Defendant, whether under oath or not, at the change of plea hearing, and any evidence derived from such statements, are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## V. <u>Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver</u>

1. The Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained the waivers of rights, and the consequences of those waivers, that are contained in this Plea Agreement. Defendant is represented by counsel Kim Freter and Talmage Newton, IV who were appointed by the Court and with whose representation Defendant acknowledges he is fully satisfied. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3. Defendant further understands that because he is pleading guilty he is specifically waiving the right to pursue any issue he may have raised in any pretrial motions and that the Court will not rule on any such pending pretrial motion. Defendant agrees to move to withdraw all pending motions, if any, at his change of plea hearing.

4. Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order Defendant detained pending sentencing. The Defendant agrees that there are no exceptional circumstances that would justify Defendant's release pending sentencing.

5. Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

6. Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the agreements and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to contest or seek modification of any aspect of the convictions or sentences imposed in this case**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant acknowledges that in the event such an appeal or collateral attack is filed, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence.

7. Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to: 1) claims of ineffective assistance of counsel; or 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders Defendant actually innocent of the charges covered herein. The United States reserves the right to oppose such claims for relief.

8. Defendant acknowledges and agrees that his waiver of appellate and collateral attack rights specifically applies to his ability to seek a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) in the event the United States Sentencing Commission were to promulgate any retroactive amendments to the Sentencing Guidelines which would have the effect of lowering the advisory sentencing range which would otherwise

be applicable in this case. Defendant understands and agrees that, if the Court accepts this agreement and imposes sentence pursuant to its terms, the Sentencing Guidelines have played no part in the determination and imposition of his sentence.

9. Defendant acknowledges an appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate to have a court declare that Defendant has materially breached this Plea Agreement.

10. Defendant's waiver of appeal and collateral review rights shall not affect the United States' right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

11. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

12. Defendant waives his right to seek, and agrees not to seek, a pardon or any other form of clemency in regard to the offenses to which he is pleading guilty pursuant to this Plea Agreement.

13. Defendant waives all civil claims against the United States or any official working on behalf of the United States during the investigation or prosecution of this matter.

## VI. Collateral Consequences of Conviction

1. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, regardless of the sentence imposed, Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. Defendant acknowledges that other collateral consequences are possible.

## VII. Defendant's Acknowledgements

1. Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorneys have completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges having had adequate opportunity to discuss the potential consequences of the guilty plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters his guilty

pleas and this Plea Agreement freely, voluntarily, and knowingly, because Defendant is in fact guilty of each offense.

2. By signing this Plea Agreement, Defendant certifies having read it (or that it has been read to Defendant in a language that Defendant understands), Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

## VIII.

No additional matters are in dispute.

THE UNITED STATES OF AMERICA,

RACHELLE AUD CROWE
United States Attorney

_____
JAYLAN D. QUINN
Defendant

_____
LAURA V. REPPERT
Assistant United States Attorney

_____
KIM C. FRETER
Attorney for Defendant

_____
ALEXANDRIA M. BURNS
Assistant United States Attorney

_____
TALMAGE E. NEWTON, IV
Attorney for Defendant

Date: 01-04-2023

Date: 1/4/2023